[Crim. No. 5125. Fifth Dist. Sept. 11, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE TALAMANTEZ MEDRANO, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Eric J. Coffill, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.*—**Appellant was convicted after jury trial of two counts of sale of heroin (Health & Saf. Code, § 11352). The jury found that on each occasion the substance sold exceeded one-half ounce. The trial court sentenced appellant to prison for concurrent, four-year middle base terms.

Appellant contends that the trial court abused its discretion in refusing to institute narcotics addict commitment proceedings (Welf. & Inst. Code, § 3051).

The RPO contains this pertinent information: "Regarding the use of drugs and narcotics, the defendant reports that at age 15 he began using marijuana and has used occasionally to the present date. Further, approximately ten years ago, the defendant began using heroin approximately once every other month. For a seven-month period approximately two years ago, the defendant was using on a daily basis. The defendant reports that for the last fourteen months, he has been on methadone and has used heroin only rarely. When interviewed, your officer observed old narcotic tracks on the defendant's arms."

At the sentencing hearing, appellant's trial counsel asked the trial court to consider section 3051 proceedings. The probation officer iterated the information quoted above and opined that appellant was neither addicted nor in imminent danger of becoming addicted "at this time." The deputy district attorney had no comment. The trial court found that appellant was "not in imminent danger of becoming addicted to narcotics, and is not engaging in the repeated use of narcotics at this time."

At the pertinent time, section 3051 provided, in pertinent part: "Upon conviction of a defendant for any crime in any superior court, or following revocation of probation previously granted, whether or not sentence has been imposed, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings or suspend the imposition or execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic

*Before Franson, Acting P. J., Zenovich, J., and Andreen, J.

detention, treatment, and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section. . . . "

Section 3051 is contained in division 3 of the Welfare and Institutions Code, as is section 3009, which provides: "A 'narcotic addict,' as used in this division refers to any person, adult or minor, who is addicted to the unlawful use of any narcotic as defined in Division 10 of the Health and Safety Code, except marijuana."

Health and Safety Code section 11032, contained in division 10 of that code, provides: "Whenever reference is made to the term 'narcotics' in any provision of law outside of this division, unless otherwise expressly provided, it shall be construed to mean controlled substances classified in Schedules I and II, as defined in this division. Whenever reference is made to 'restricted dangerous drugs' outside of this division, unless otherwise expressly provided, it shall be construed to mean controlled substances classified in Schedules III and IV. Whenever reference is made to the term 'marijuana' in any provision of law outside of this division, unless otherwise expressly provided, it shall be construed to mean marijuana as defined in this division."

Schedule II includes methadone and methadone—intermediate, 4-cyano-2 (N, N-dimethylamino)-4, 4-diphenylbutane (Health & Saf. Code, § 11055).

There is no indication that the trial court, the probation officer, the prosecutor, or appellant's trial counsel considered the possibility of actual or imminent methadone addiction. The record leaves unclear whether appellant was receiving methadone pursuant to an authorized maintenance program (see Health & Saf. Code, § 11875 et seq.) for all or part of the 14-month period referred to or whether he was acquiring it illegally.

Health and Safety Code section 11880 provides, in pertinent part, that "It is the intent of the Legislature in authorizing methadone programs to provide a means whereby the patient may be rehabilitated and will no longer be forced to resort to illegal activities in order to support a dependency on heroin." Whether appellant was formerly on an authorized methadone maintenance program, the record *does* reflect that

appellant's reduced heroin usage coincided with his "being on" methadone.

The record before the trial court established, as a matter of law, appellant's actual or imminent addiction to narcotics, either methadone, heroin, or both. Because the trial court apparently never reached the issue whether appellant had an excluding pattern of criminality, we do not decide whether the record would support such a finding. The appropriate remedy is to remand for the trial court to decide that question and to decide whether appellant's apparent actual or imminent addiction still exists.

Because of the time lag between appellant's August 15, 1980, sentencing and the date of this opinion, our remarks in *People v. Lopez* (1978) 81 Cal.App.3d 103 [146 Cal.Rptr. 165] are appropriate: "It is noted that defendant was sentenced on January 5, 1977, and has now been committed to the Department of Corrections for more than a year. In that period of time, circumstances may have changed in that defendant may have developed a pattern of criminality that would make him an unfit subject for commitment to California Rehabilitation Center. There is also a possibility that defendant is no longer addicted to, or in imminent danger of becoming addicted to, narcotics. On the other hand, because of widespread use of drugs in the prison system, defendant may still be an addict. In the absence of any other evidence, a year's tenure in state prison does not, of itself, automatically make defendant unfit for treatment at California Rehabilitation Center. Consequently, we order the matter remanded with directions to the superior court to determine whether civil proceedings should be instituted under Welfare and Institutions Code section 3051 [citation]. In making that determination, the court is to consider whether defendant appears to be addicted or in danger of becoming addicted. If he does qualify under that test, then commitment proceedings must be instituted unless defendant's record indicates such a pattern of criminality that he does not constitute a fit subject for treatment. The court is not to consider any other factors [citations]. Nevertheless, the court should consider all events that have transpired since sentencing, including those occurring during the time defendant has been in prison, as they may bear upon defendant's possible addiction or excessive criminality." (*Id.*, at pp. 111-112.)

The matter is remanded for the limited purpose of determining whether appellant now appears to be addicted or in imminent danger of

becoming addicted to narcotics and, if so, whether his record indicates such a pattern of criminality that he does not constitute a fit subject for treatment. If the trial court determines that appellant appears to be addicted or in imminent danger of so becoming and does not have an excluding pattern of criminality, the trial court shall proceed as provided in Welfare and Institutions Code section 3051. Otherwise, the trial court shall reinstate the sentence previously imposed. In all other respects, the judgment is affirmed.