[Crim. No. 15672. In Bank. Nov. 18, 1971.]

In re EARSIE BANKS, JR., on Habeas Corpus.

## COUNSEL

Peter G. Petros, under appointment by the Supreme Court, for Petitioner.

Evelle J. Younger, Attorney General, Doris H. Maier, Assistant Attorney General, Edward A. Hinz, Jr., Daniel J. Kremer, Loren E. McMaster and Craig Stalker, Deputy Attorneys General, for Respondent.

## OPINION

**SULLIVAN, J.**—We treat this case as a companion to *In re Cortez,* Crim. 15671, *ante,* page 78 [98 Cal.Rptr. 307, 490 P.2d 819].

On May 22, 1970, petitioner was sentenced to state prison for the term prescribed by law following his conviction of possession of a narcotic in violation of Health and Safety Code section 11500. His sentence was augmented by virtue of a prior narcotics conviction in 1955. Petitioner, presently an inmate of Folsom State Prison, filed a petition for writ of habeas corpus seeking relief under *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], in the Superior Court of Sacramento County, which transferred his petition to the Superior Court of the City and County of San Francisco, the original sentencing court. On January 5, 1971, the last-mentioned court, without the presence of petitioner, without holding a hearing, and without appointing counsel for petitioner, denied the petition for writ of habeas corpus, stating only that the "Court finds Petition without merit."

 Since the record clearly indicates that petitioner was convicted and sentenced for a narcotics felony conviction between September 19, 1959, and September 1, 1970, and that said sentence was augmented due to a prior narcotics felony conviction, by virtue of our holding today in *In re*

*Cortez,* petitioner is entitled to a hearing before the sentencing court at which he shall be present and represented by counsel and the sentencing court shall determine in its discretion whether or not, for purposes of sentencing, to strike the 1955 prior conviction. Petitioner was not accorded these rights.

The writ is granted and petitioner is remanded to the custody of the Superior Court of the City and County of San Francisco with directions to that court to vacate its order of January 5, 1971, to issue an order to show cause why petitioner's prior conviction should not be stricken for purposes of sentencing, and to proceed in accordance with the views expressed in *In re Cortez, supra, ante,* page 78.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

Respondent's petition for a rehearing was denied December 16, 1971.