[Crim. No. 3137. Fifth Dist. May 22, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE LUIS LOPEZ, Defendant and Appellant.

## COUNSEL

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Gary S. Goodpaster, Chief Assistant State Public Defender, Mark L. Christiansen and Judith W. Allen, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Charles P. Just and James T. McNally, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CHARGIN, J.***—Defendant, Jose Luis Lopez, appeals from a judgment entered after conviction of a violation of section 11350 of the Health and Safety Code.

*Assigned by the Chairperson of the Judicial Council.

The facts are not in dispute. The police were called by Gloria Garza at about 2 a.m., August 3, 1976, with a report of a possible burglary at the house next door, which was the residence of Mrs. Garza's aunt. She had been asked by her aunt to watch the house because her aunt was visiting in Sacramento. Mrs. Garza's cousin, Roel Maldonado, also resided in the house; however, he had left earlier in the evening, and she had not seen him return.

She reported that she had seen three persons running from the house and two others inside. The lights were on in the house, but she did not recognize any of the persons involved. When the police arrived, Mrs. Garza took the officer to the back door. The screen was closed, but the inside door was partially open. Through the screen, the officer saw one person, later determined to be Maldonado, seated at the kitchen table with his back to the door. The officer recognized the second person, the defendant, who was sitting on the floor leaning against the refrigerator, and knew that defendant did not live at that address. Both persons appeared to be asleep. At that point, the officer did not believe a burglary was in progress.

The officer opened the door and entered without knocking, followed by Mrs. Garza and a second officer who arrived to assist in the investigation. As they entered, the officer noticed a glass jar on the table containing an outfit of a type used to inject narcotics. Mrs. Garza then realized the person at the table was Maldonado. The officer tried to arouse him and defendant, but both appeared to be drowsy, with slurred speech. No odor of alcohol could be detected. The officer made a quick check of the house and ascertained that no one else was there.

When the officer bent over defendant, he saw a small plastic coin purse on the floor three or four inches from defendant's left leg. It was partially open, and in plain view the officer saw contained in it numerous colored, rolled balloons. From his experience as a police officer, he recognized the balloons as a common way to package heroin. Both persons were arrested. The search of Maldonado turned up a small coin purse identical to the one found on the floor, also containing rolled balloons.

Both Maldonado and defendant were charged with possession of heroin for purposes of sale (Health & Saf. Code, § 11351) and both entered a conditional plea of guilty with the understanding that civil proceedings would be instituted for commitment to the California Rehabilitation Center if they proved eligible. The pleas were accepted,

and proceedings were then suspended and alienists were appointed to determine whether they were addicted or in danger of becoming addicted to narcotics. On the date set for receipt of the reports of the alienists, defendant asked leave to withdraw his plea of guilty and entered a plea of not guilty. The matter proceeded to a trial by jury, and defendant was convicted of simple possession of heroin. On the date set for judgment, defendant asked to be referred to the California Rehabilitation Center. The request was denied, and defendant was sentenced to state prison for the term prescribed by law.

The defendant contends on appeal (1) that the arrest of defendant was illegal based on the failure of the officer to comply with section 844 of the Penal Code; (2) that the court improperly refused to initiate California Rehabilitation Center proceedings; (3) that the record and probation report do not support a finding of excessive criminality; and (4) that the court abused its discretion in denying a civil commitment because defendant elected a trial by jury. An added ground is raised for the first time in the reply brief on appeal that defendant was denied effective assistance of counsel.

An attack on the legality of an arrest which is based on the failure to comply with the knock-notice requirements of Penal Code section 844. may be made by pretrial motion pursuant to Penal Code section 1538.5. Only if the opportunity for the motion did not exist, or defendant was unaware of the grounds for the motion, does the defendant have a right to make the motion during the course of the trial (Pen. Code, § 1538.5, subd. (h).[1] The proceedings set forth in this section constitute the sole and exclusive remedies prior to conviction (Pen. Code, § 1538.5, subd. (m)).[2] The record before this court does not contain any showing

---

[1]Section 1538.5, subdivision (h), of the Penal Code reads as follows: "(h) If, prior to the trial of a felony or misdemeanor, opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion, the defendant shall have the right to make this motion during the course of trial in the municipal, justice or superior court."

[2]Section 1538.5, subdivision (m), of the Penal Code reads as follows: "(m) The proceedings provided for in this section, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered [sic] or will be offered as evidence against him. A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence."

that the motion was appropriately made so as to preserve the issue for review after conviction.

■ Defendant contends that the issue is preserved because objection was made during trial to the testimony of the officer as follows: "We move that any evidence that this officer can testify to be excluded on the grounds that he did not have reasonable probable cause to enter the house, and he did not have a search warrant which the law requires. And it did not appear to him as he has testified that a burglary was in fact in progress because nobody was doing anything inside. There was [sic] two subjects who apparently were either asleep or otherwise not actively engaged in any type of activity which would be a criminal nature."[3]

Defendant suggests that because the objection was directed to a Fourth Amendment right, it is sufficiently related to the knock-notice objection. *People* v. *Webb* (1967) 66 Cal.2d 107, 111, footnote 1 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708], where objection at trial was made on the general grounds of illegal search and seizure, is cited in support of this contention. The analogy fails. A general referral of illegal search and seizure, without more, makes clear that the attack is to Fourth Amendment violations. The defendant, to the contrary, made specific objection that there was no probable cause to arrest, since the two persons observed were possibly asleep, and obviously were not in the act of burglarizing the house. Although, broadly stated, both issues fall within the protection of the Fourth Amendment, their resolution requires different analysis. Additionally, the court and the prosecution were not placed on notice that the knock-notice requirements had not been met.

■ An objection that specifies the wrong ground is as bad as an insufficient general objection (Witkin, Cal. Evidence (2d ed. 1966) § 1292, p. 1195). Thus, objections to evidence must state specific grounds for exclusion, and the grounds cannot be changed on appeal (*People* v. *Williams* (1976) 16 Cal.3d 663, 667, fn. 4 [128 Cal.Rptr. 888, 547 P.2d 1000]).

■ The issue, not having been preserved either by proper objection at trial or by pretrial motion, is waived and may not be raised on appeal (*People* v. *Cannady* (1972) 8 Cal.3d 379, 387 [105 Cal.Rptr. 129, 503 P.2d 585]).

---

[3]No objection was made in the trial court to raising this issue for the first time during trial, nor did defendant state any reason for the delay in making the motion. The court summarily denied it.

The second, third and fourth grounds for appeal are interrelated and basically contend that there were no valid grounds for refusing to refer defendant to the California Rehabilitation Center. The matter came on for sentencing on January 5, 1977, and the court and Mr. Gendron, defense counsel, made the following comments:

"THE COURT: All right. We have another young man here who is 22 years of age, and I am kind of concerned here. We have three practical alternatives. One would be CRC and the other is the Youth Authority, and the third would be State Prison. Conceivably, the fourth would be local jail time. I can think that the local jail time would be the least value to society and to this young man.

"MR. GENDRON: Yes, he has indicated to me that in view of the facts and everything considering his case, that he would prefer to go to CRC and have them try to help him with his drug problem. He is, as the court already has noted, has had two psychiatric reports in connection with his problem and both of them indicate that he is psychologically addicted to heroin. The only problem was, before they found that he was not motivated to analyze his problem and try to help himself in solving his problem, and apparently at this time has so indicated to me, that he has changed his mind and feels he would benefit by the program."

The court had before it at that time the presentence report filed by the probation department which pictured the defendant as "a young man who has yet to find his way of life. He appears to be neither a benevolent individual, nor one who shows any indication of being involved in past crimes of violence." The report also makes reference to a habit of use going back two years, and shows under prior record section that defendant was placed in a diversion program for a small quantity of marijuana on May 15, 1974; convicted of Vehicle Code section 23102, subdivision (a), a misdemeanor, on July 7, 1975; and convicted of possession of a completed check with the intent to defraud, a misdemeanor, on March 18, 1976. The court also had the reports of two alienists who concluded that, although defendant was not motivated to analyze his problems, he was psychologically addicted to heroin.

The court then sought comments from the prosecutor, Mr. Moffat:

"THE COURT: What would be the view of the district attorney and the probation department in that regard?

"Mr. Moffat: In that regard, it appears to me that Mr. Lopez is wanting to have his cake and eat it to [sic]. At the time that he entered a conditional plea conditioned upon CRC—

"The Court: Oh, that's right. This was considered, wasn't it?

"Mr. Moffat: Yes.

"Mr. Gendron: That's right.

"The Court: Yes.

"Mr. Moffat: He to some extent indicated he didn't want part of it. Now that he has been convicted, he has reconsidered.

"The Court: The sincerity of that position is certainly suspect."

Welfare and Institutions Code section 3051 states in pertinent part: "Upon conviction of a defendant for any crime in any superior court . . . , if it appears to the judge that the defendant may be addicted . . . he shall adjourn the proceedings . . . unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section." ■ Welfare and Institutions Code section 3051 limits the authority of a sentencing judge to refuse to commit an addict, or one in imminent danger of becoming an addict, to a consideration of whether his record indicates such a pattern of criminality as to make him an unfit subject for commitment. The judge may not consider other factors. (*People* v. *Barajas* (1972) 26 Cal.App.3d 932 [103 Cal.Rptr. 405]; *People* v. *Leonard* (1972) 25 Cal.App.3d 1131 [102 Cal.Rptr. 435]; see also *People* v. *Navarro* (1972) 7 Cal.3d 248 [102 Cal.Rptr. 137, 497 P.2d 481].)

"By section 3051 . . . the judge *is required in all instances* whenever it appears to him that the defendant may be addicted or in imminent danger of becoming addicted, to adjourn the proceedings or suspend the imposition of sentence. Proceedings must then be conducted to ascertain if such person is addicted or in imminent danger thereof 'unless, *in the opinion of the judge,* the defendant's record and probation report indicate . . . that he does not constitute a fit subject' " (original italics) (*People* v. *Navarro, supra,* 7 Cal.3d 248, 263).

From all of the above, it is clear that there is no discretion to refuse to institute the civil proceedings for a person who appears to be a fit subject under the criteria set forth. Referring to the defendant in this case, not only did it *appear* to the judge that the defendant *may* be addicted,

reports of the professional opinion of two psychiatrists were in the court's file which stated that defendant was in fact addicted. With that information, the court had no alternative but to proceed with a civil commitment unless it appeared that defendant was not a fit subject.

In reviewing the sentencing hearing, it is of note that no reference was made to defendant's prior record. The court did not find that defendant was unfit, but instead rejected the possibility of California Rehabilitation Center without explanation.

The probation officer suggested that defendant was not willing to assist in any plan of treatment and, therefore, was not amenable to any type of program. The court also questioned the sincerity of defendant's motivation. It appears that lack of motivation was mentioned by the alienists as well. However, the entire statutory scheme manifests the Legislature's intent that a defendant's lack of desire for, or lack of cooperation with, the treatment program should not defeat his commitment. ■ Commitment to this program is not consensual but involuntary, although by civil process (*People* v. *Navarro, supra,* 7 Cal.3d 248, 265).

Defendant suggests that the court was trying to penalize him for withdrawing his guilty plea and proceeding to trial. However, nothing in the record supports that position.

In view of all the above facts, it appears that defendant was addicted or in danger of becoming addicted to heroin, and that he was not an unfit subject for referral. Under the clear and unambiguous language of section 3051 of the Welfare and Institutions Code, the court was required to proceed with a civil commitment.

■ It is noted that defendant was sentenced on January 5, 1977, and has now been committed to the Department of Corrections for more than a year. In that period of time, circumstances may have changed in that defendant may have developed a pattern of criminality that would make him an unfit subject for commitment to California Rehabilitation Center. There is also a possibility that defendant is no longer addicted to, or in imminent danger of becoming addicted to, narcotics. On the other hand, because of widespread use of drugs in the prison system, defendant may still be an addict. In the absence of any other evidence, a year's tenure in state prison does not, of itself, automatically make defendant unfit for treatment at California Rehabilitation Center. Consequently, we order the matter remanded with directions to the superior court to determine

whether civil proceedings should be instituted under Welfare and Institutions Code section 3051 (*People* v. *Munoz* (1975) 51 Cal.App.3d 559, 565-566 [124 Cal.Rptr. 322]). In making that determination, the court is to consider whether defendant appears to be addicted or in danger of becoming addicted. If he does qualify under that test, then commitment proceedings must be instituted unless defendant's record indicates such a pattern of criminality that he does not constitute a fit subject for treatment. The court is not to consider any other factors (*People* v. *Barajas, supra,* 26 Cal.App.3d 932; *People* v. *Leonard, supra,* 25 Cal.App.3d 1131). Nevertheless, the court should consider all events that have transpired since sentencing, including those occurring during the time defendant has been in prison, as they may bear upon defendant's possible addiction or excessive criminality.

Finally, defendant contends that he was denied effective assistance of counsel, as evidenced by the failure of trial counsel to make a pretrial motion to suppress or to object to the officer's testimony at trial.

■ Defendant bears the burden of establishing his counsel's ineffectiveness (*People* v. *Stanworth* (1974) 11 Cal.3d 588, 613 [114 Cal.Rptr. 250, 522 P.2d 1058]). The record must establish that counsel was ignorant of the facts or the law, resulting in a withdrawal of a crucial defense, reducing the trial to a "farce and a sham" (see *People* v. *Stanworth, supra,* 11 Cal.3d at p. 612).

Defendant has not made the necessary showing. The record does not establish that counsel's failure to have made a timely suppression motion resulted from ignorance of the facts or law.

The proceedings are remanded to the trial court for resentencing pursuant to the mandatory provisions of section 3051 of the Welfare and Institutions Code.

Brown (G. A.), P. J., and Hopper, J., concurred.