[No. F002308. Fifth Dist. Apr. 24, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL J. GALVAN, Defendant and Appellant.

**COUNSEL**

Alice T. Jefferson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gregory W. Baugher and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FRANSON, Acting P. J.**—Appellant was convicted, after a plea of guilty, of armed robbery and the use of a weapon. He was found to be a Vietnam era veteran suffering from substance abuse or psychological problems resulting from his military service. This finding which is strongly supported by the record made appellant eligible for discretionary placement in the

custody of federal correctional officials for treatment if: (1) he agreed to such commitment; (2) an appropriate federal program existed; and (3) federal law authorizes receipt of appellant. (Pen. Code, § 1170.9.)

The trial court felt that it had insufficient information about federal programs and sentenced appellant to state prison. Appellant received the middle term of three years for the robbery plus a two-year weapons enhancement. The court, however, sentenced appellant under Penal Code section 1170, subdivision (d), so that it could "within 120 days of the date of commitment on its own motion, *or at any time* upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not been previously sentenced . . . ." (Italics added.) The trial court indicated that it would be disposed to sentence appellant to a federal program if an appropriate federal facility became available.

■ On appeal, appellant challenges the trial court's denial of a continuance for psychological testing prior to sentencing. The testing desired was to show that appellant suffered from posttraumatic stress syndrome (PTSD) resulting from his combat service in Vietnam. Because the court made the above finding, however, such testing was not needed at that time, so denial of the continuance was not an abuse of discretion.

After inquiring of appellant's counsel, this court has been informed that an appropriate federal program for treatment of Vietnam combat veterans who suffer from PTSD will be in operation at Terminal Island after April 1984. This shows in effect that no such program existed when appellant was first sentenced. Accordingly, there was no error in sentencing appellant to state prison because the conditions of Penal Code section 1170.9 were not met.

Nevertheless, we believe the trial court should have an opportunity to obtain the recommendation of the Director of Corrections or the Board of Prison Terms as to whether appellant's sentence and commitment previously ordered should be recalled and to place defendant in the new federal program at Terminal Island if the program meets the conditions of Penal Code section 1170.9.

Accordingly, the judgment is affirmed; the matter, however, is remanded to the trial court with directions to request a recommendation from the Director of Corrections or the Board of Prison Terms concerning a recall of appellant's sentence and placement in the new federal program; if the recommendation is in the affirmative, the trial court is directed to recall

appellant's sentence and commitment and consider placing the appellant in the custody of federal officials for treatment at Terminal Island.

Andreen, J., and Hamlin, J., concurred.