Filed 11/12/21  P. v. Heflen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BO JAMES HEFLEN,<br><br>        Defendant and Appellant. | C091554<br><br>(Super. Ct. No. 18CF04207) |

Defendant Bo James Heflen appeals the sentence imposed following his conviction for two sex offenses committed against a minor.  The trial court denied

1

probation and sentenced defendant to an aggregate seven-year term, consisting of the middle term on one count and a consecutive one-year term on the other. Defendant contends the matter must be remanded for resentencing because the trial court neglected its statutory duty to consider his combat-related mental health disorders as mitigating factors under Penal Code sections 1170.9,[1] as to granting probation, and 1170.91, as to the determinate sentencing.

With regard to section 1170.9, we conclude defendant did not allege a causal connection between his commission of the crimes and his combat-related mental health disorders, and thus the trial court's statutory obligation was not triggered. However, as to section 1170.91, we agree with defendant that the trial court had an independent obligation to consider his combat related mental health disorders as a mitigating factor in sentencing him. Accordingly, we will remand the matter for a new sentencing hearing and otherwise affirm the judgment.

## BACKGROUND

The facts underlying defendant's convictions are not relevant to the claim on appeal and are not recounted here. It suffices to say defendant repeatedly sexually molested a young family member. An information charged defendant with 12 sexual offenses. Defendant pleaded no contest to committing a lewd act upon a child under 14 years old (§ 288, subd. (a)) and unlawful sexual intercourse with a minor (§ 261.5, subd. (d)). Although he pleaded no contest, defendant continued to maintain his innocence throughout the proceedings.

The trial court referred defendant for a psychological evaluation with Dr. Kevin Dugan to determine if defendant would benefit from sex offender therapy and if probation would pose a threat to the victim. (§§ 288.1, 1203.67) Dr. Dugan reported that

---

[1] Undesignated statutory references are to the Penal Code.

defendant had been in the military and was in combat by the time he was 20 years old. Defendant admitted to Dr. Dugan that he was an alcoholic. Defendant indicated he started drinking while in the military and associated his alcohol problem with his combat experience in Iraq. He used alcohol as a coping mechanism for post-traumatic stress associated predominately with his combat experience. Defendant reported that while in combat he received numerous fairly serious head injuries and/or neurological traumas, including injuries from improvised explosive devices (IEDs).

Defendant reported experiencing major depression and post-traumatic stress disorder (PTSD). He described hallucinations, intrusive thoughts and memories of his combat experience in Iraq, as well as a sleep disorder since returning from Iraq, including frequent nightmares.

Based on his examination, Dr. Dugan concluded defendant met the diagnostic criteria for PTSD, Alcohol Use Disorder, and Major Depressive Disorder. Dr. Dugan related the PTSD and alcohol abuse to defendant's combat experience in Iraq.

Dr. Dugan opined that defendant was at low to moderate risk of reoffending and would not present a risk to the victim if granted probation. He also concluded defendant was reasonably amenable to treatment. Dr. Dugan recommended that a variety of medical and psychiatric services be provided to defendant through the Veterans' Administration.

The probation report summarized Dr. Dugan's report and related defendant's history of combat related injuries and diagnoses. The probation report recommended probation be denied and that defendant be sentenced to the middle term. The probation report did not mention sections 1170.9 or 1170.91 or defendant's combat-related mental health disorders as factors to consider either as to granting probation or mitigating his sentence.

Defendant filed a statement in mitigation. The statement noted defendant was eligible for probation as he met the requirements of section 1203.067. The statement

3

disputed many of the details in the probation report and took issue with some of the factors in aggravation. Defendant's statement noted defendant's combat military background and the resulting mental health disorders. The statement did not allege a causal connection between defendant's combat-related mental health disorders and the offenses he committed, nor did it expressly mention sections 1170.9 or 1170.91.

At sentencing, the trial court indicated it had read and considered the probation report, defendant's statement in mitigation, and Dr. Dugan's report. The trial court heard additional argument from the parties. Defense counsel mentioned defendant's combat experience and the injuries sustained as a result of that service. Based on the information before the trial court, defense counsel asked that defendant be granted probation. Defense counsel did not allege a causal connection between defendant's combat-related mental health disorders and the offenses he committed, nor did counsel mention sections 1170.9 or 1170.91.

The trial court found defendant was eligible for probation but denied probation. The trial court said it had reviewed the circumstances in aggravation and mitigation set forth in the California Rules of Court, and that after careful consideration, it found on balance that the circumstances in aggravation did not outweigh the circumstances in mitigation. As factors in mitigation, the trial court indicated that defendant had "a very minimal prior record and his performance on probation was satisfactory." The trial court sentenced defendant to the midterm of six years for the principal term (committing a lewd act upon a child under 14 years old) along with a consecutive year for the unlawful sexual intercourse with a minor.

## DISCUSSION

Defendant contends the matter must be remanded for resentencing because the trial court did not perform its statutory duty to consider his combat-related mental health disorders as mitigating factors under sections 1170.9 and 1170.91. The Attorney General counters that the claim is forfeited because defendant failed to object at sentencing, and

4

in addition, defendant did not make the prima facie allegation to trigger the provisions of section 1170.9.

Section 1170.9 applies to the consideration of a grant of probation, and provides in relevant part: "(a) In the case of any person convicted of a criminal offense who could otherwise be sentenced to county jail or state prison and who alleges that the person committed the offense as a result of sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems stemming from service in the United States military, the court shall, prior to sentencing, make a determination as to whether the defendant was, or currently is, a member of the United States military and whether the defendant may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's service. The court may request, through existing resources, an assessment to aid in that determination. [¶] (b) [¶] (1) If the court concludes that a defendant convicted of a criminal offense is a person described in subdivision (a), and if the defendant is otherwise eligible for probation, the court shall consider the circumstances described in subdivision (a) as a factor in favor of granting probation."

In addition, section 1170.91 applies to the consideration of determinate sentencing terms and provides, in relevant part: "(a) If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170. This consideration does not preclude the court from considering similar trauma, injury, substance abuse, or mental health problems due to other causes, as evidence or factors in mitigation."

Relying on *People v. Scott* (1994) 9 Cal.4th 331, the Attorney General argues defendant forfeited his claim by failing to object in the trial court. Under *Scott,*

5

"complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*Id*. at p. 356.) But defendant is not challenging the manner in which the trial court exercised its sentencing discretion; rather, he is claiming the trial court misapplied or misunderstood its statutory sentencing obligations. (*People v. Panozo* (2021) 59 Cal.App.5th 825, 840 (*Panozo*).) Where the challenge is not to the trial court's exercise of discretion, but the failure to comply with a statutory obligation, forfeiture is not appropriate. (*Ibid.*; see *In re D.L.* (2012) 206 Cal.App.4th 1240, 1244; *In re Sean W.* (2005) 127 Cal.App.4th 1177, 1181-1182.)

"Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court." (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8, citing *United States v. Tucker* (1972) 404 U.S. 443, 447 [30 L.Ed.2d 592].) It is an abuse of discretion when the sentencing court "relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "A failure to exercise discretion may also constitute an abuse of discretion." (*Id*. at pp. 847-848.) " 'A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; see *Panozo, supra*, 59 Cal.App.5th at p. 837.)

Sections 1170.9 and 1170.91 are mandatory, not permissive. Where the prima facie requirements are met, "[b]y their plain language, sections 1170.9 and 1170.91 unambiguously obligate a sentencing court to consider a defendant's service-related PTSD, substance abuse, or other qualifying conditions in making discretionary sentencing choices. [Citations.]" (*Panozo, supra*, 59 Cal.App.5th at p. 836, italics omitted.) The statutes and their legislative histories reflect a strong legislative "resolve to mandate special consideration for affected veterans at sentencing" and to provide them

6

"every opportunity to maintain meaningful rehabilitative treatment." (*Ibid.*) Consistent with this purpose, where there is a prima facie showing of eligibility the record must affirmatively indicate an exercise of discretion under the statutes. (*People v. Bruhn* (1989) 210 Cal.App.3d 1195, 1199-1200 (*Bruhn*); *People v. Ruby* (1988) 204 Cal.App.3d 462, 469 (conc. opn. of Woodworth, J.).) A sentencing court's compliance with the mandates of sections 1170.9 and 1170.91, and proper exercise of discretion under these statutes, cannot be inferred from an ambiguous record. (*Panozo,* at pp. 836, 840.)

A

To trigger a trial court's statutory obligation under section 1170.91, there must be a prima facie showing that defendant is a veteran who may be suffering from a qualifying mental disorder as a result of their service. The record here establishes such a prima facie showing.

Defendant provided documentation with his statement in mitigation demonstrating his status as a veteran. In addition, Dr. Dugan's report reflected defendant's service, as well as his diagnoses of Alcohol Use Disorder and PTSD. Defendant indicated he started drinking while in the military and associated his drinking problem with his combat experience. He also indicated he used alcohol to cope with his PTSD, which was associated predominately with his combat experience. He did not have a problem with alcohol or PTSD prior to "experiencing the traumas associated with combat." Dr. Dugan diagnosed defendant with PTSD and Alcohol Use Disorder and related those diagnoses to defendant's combat experience in Iraq. Defendant's military service and the diagnostic conclusions of Dr. Dugan were also reflected in the probation report. Substance abuse, trauma, and PTSD are qualifying mental disorders under section 1170.91.

Although there were many references in the sentencing record to defendant's combat service and his combat-related mental health diagnoses, there was no mention of the trial court's obligation to consider that as a mitigating factor in exercising its

7

sentencing discretion as to defendant's determinate term. (*Panozo, supra*, 59 Cal.App.5th at p. 838.)

Defendant is entitled to a sentencing decision "based upon the court's informed discretion" and a "court should consider all mitigating circumstances in" exercising its sentencing discretion. (*People v. Tatlis* (1991) 230 Cal.App.3d 1266, 1274, italics omitted.) Accordingly, we will remand the matter to the trial court for resentencing to permit the court to consider defendant's service-related mental health disorders as a mitigating factor in selecting the appropriate determinate term. (*Panozo, supra*, 59 Cal.App.5th at p. 840; *Bruhn, supra*, 210 Cal.App.3d at pp. 1200-1201.)

B

As for section 1170.9, subdivision (a), however, defendant acknowledges that it applies to a person "*who alleges* that the person *committed the offense as a result of* sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems *stemming from* service in the United States military . . . ." (Italics added.) The record does not indicate that defendant made any such allegation, a circumstance that is not surprising given that defendant continued to maintain his innocence even in his sentencing brief.

Defendant argues his response to law enforcement upon being advised of the possibility of DNA evidence -- that he was not responsible for what he said or texted when he was drinking -- suggested that he attributed his actions in this case to alcohol. He also contends the timing of the offenses suggests a causal connection as the period during which he committed the offenses coincided with his mental health disorders. We do not agree that any such implicit suggestions were sufficient to meet the statutory requirement that defendant allege his offenses were committed as a result of his service-related mental health disorders. His contention regarding probation lacks merit.

DISPOSITION

The matter is remanded to the trial court for a new sentencing hearing at which the trial court must satisfy its statutory obligation under section 1170.91. In all other respects, the judgment is affirmed.

                                            /S/

MAURO, Acting P. J.

We concur:

    /S/

RENNER, J.

    /S/

KRAUSE, J.

9