[No. A088732. First Dist., Div. Two. Feb. 5, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
MARCUS GEROY McGINNIS, Defendant and Appellant.

## Counsel

Joseph Baxter, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Eric D. Share and Matthew P. Boyle, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

RUVOLO, J.—

I.

INTRODUCTION

Appellant Marcus Geroy McGinnis pleaded nolo contendere to residential burglary (Pen. Code, § 459) and trespass (Pen. Code, § 602, subd. (*l*)). He was sentenced to a total term of six years in state prison. On appeal, he contends that the trial court erred by failing to refer him for an evaluation to determine if he should be confined at the California Rehabilitation Center (CRC) pursuant to Welfare and Institutions Code section 3051.[1] We agree that the trial court abused its discretion in failing to order the evaluation, and therefore vacate the sentence.

II.

FACTS AND PROCEDURAL BACKGROUND

Appellant has a long history as a hard substance abuser. Presently 22 years of age, he began using marijuana at the age of 13 and methamphetamine at the age of 16. Employed in the fast-food industry and as a delivery person, he has also indicated that after returning home from work each night he would consume beer to the point of becoming nauseated. During this time he never received any treatment. Appellant also has a history of criminal behavior. On April 13, 1998, appellant was convicted of misdemeanor burglary, and on June 5, 1998, he pled guilty to possession of stolen property and was placed on formal probation for three years.

On July 19, 1999, appellant pleaded nolo contendere to four new counts of residential burglary (Pen. Code, § 459), and three counts of trespass (Pen. Code, § 602, subd. (*l*)), as alleged in the criminal information underlying this appeal. In return for appellant's nolo plea, it was agreed that he would not be sentenced to more than six years in state prison.

At his sentencing hearing on August 26, 1999, appellant's counsel asked that the court refer the case "for an evaluation under [section] 3051 of the Welfare [and] Institutions Code." Counsel argued that appellant needed treatment in order to overcome his addiction and that the CRC (the treatment center as provided for in § 3051) was the appropriate venue for such

---

[1] All further undesignated section references are to the Welfare and Institutions Code.

help—not state prison. The People responded by saying that appellant was outside the purview of section 3051 because he had engaged in excessive criminality. The probation officer expressed having no objection to appellant being committed to CRC. He further mentioned that "one in five inmates at CRC get intensive treatment. The rest of them get very minimal treatment." The court denied appellant's request for referral to the CRC and sentenced appellant to six years in state prison.

## III.

### DISCUSSION

Appellant contends that the trial court erred by not allowing him to be evaluated for commitment to the CRC, as required by section 3051. Because the language of section 3051 explicitly vests discretion in the trial judge to determine whether evaluation for commitment to a drug rehabilitation facility is appropriate, we apply the abuse of discretion standard in reviewing the court's decision. (*People v. Williams* (1965) 235 Cal.App.2d 389 [45 Cal.Rptr. 427].)

Section 3051 provides, in pertinent part: "Upon conviction of a defendant for a felony, or following revocation of probation previously granted for a felony, and upon imposition of sentence, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics the judge *shall* suspend the execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment, and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment under this section." (Italics added.) The statute's direction to sentencing courts to order referrals for a CRC evaluation is mandatory unless the court determines that the defendant has been engaged in a "pattern of criminality" which renders the addicted person unfit for such a commitment.

Appellant claims the trial court failed to make adequate findings and instead merely made the conclusory statement that appellant had engaged in "excessive criminality," and was therefore ineligible for a section 3051 evaluation.[2] In considering whether to order a CRC evaluation for an addicted person, the trial court may not merely "parrot" the statutory standard for refusing to order an examination, but must proffer adequate reasons

---

[2] It is undisputed that appellant was addicted to narcotics, thus satisfying the first of the two requirements for a mandatory evaluative referral.

for doing so. (*People v. Granado* (1994) 22 Cal.App.4th 194, 202-204 [27 Cal.Rptr.2d 286] (*Granado*).)

We conclude that the trial judge failed to articulate a proper statutory basis for refusing appellant's request. Our conclusion is based on the statements made by the trial judge at the time of sentencing, and also from the strong factual record supporting an evaluation under 3051.

At the August 26, 1999 sentencing hearing, the trial court refused appellant's request that he be referred for an evaluation under section 3051, stating: "I've considered that [probation] report, and even if an alienist comes back and says he's addicted to drugs, I don't think this is an appropriate case for CRC treatment, because primarily the reasons Mr. Tong stated, that he's been given chances on probation before, and that he engaged in a series of very serious crimes here, so the excessive criminality takes him out of the purview of that statute, as far as I'm concerned."

We agree with appellant that, at best, the general reasons given by the trial court for refusing to make the referral are ambiguous and make it difficult to discern whether the statutory standard for rejection was met. First, we note the court's reference to "a series of very serious crimes" implicates a concern for the nature of appellant's criminal record as well as its extent. Section 3051 requires a referral unless the defendant has engaged in a "pattern of criminality," unlike section 3053 which allows the director to reject a defendant sentenced to a CRC commitment upon the director's finding of "excessive criminality or for other relevant reason . . . ." Thus, the two statutes use different terminology to describe the conditions for exclusion.[3] However, when viewed in light of the record, where the lower court's finding of "excessive criminality" is the functional equivalent of a statutory finding of "pattern of criminality" rendering the addicted person unfit for CRC, appellate courts have used the two phrases interchangeably. (See *Granado, supra,* 22 Cal.App.4th 194; *People v. Lopez* (1978) 81 Cal.App.3d 103 [146 Cal.Rptr. 165]).)

Given the ambiguity in the trial court's statement at sentencing, we are unable to state that appellant's request was rejected because he had been engaged in a pattern of criminality which rendered him unfit for the program. First, the court did not explicitly reject appellant's request based on an

---

[3]Section 3052 supports the conclusion that the Legislature wished to repose discretion in trial courts to reject CRC requests only where the defendant had an extensive history of criminal activity which would make the person unfit for the program and not because of the severity of the crimes committed. That section excludes from the program defendants convicted of certain classes of crimes or those who receive sentences aggregating more than six years in state prison. (§ 3052, subd. (a)(2).) Therefore, the statutory scheme itself takes into account the severity of an applicant's criminal history.

explicit finding of a *"pattern* of criminality," but instead did so based on appellant's *"excessive* criminality." In this regard, the court offered no explanation as to the basis for exclusion. In addition, if the trial court intended to use the "pattern of criminality" standard, it failed to state what it was about appellant's pattern of criminal activity which rendered him unfit for CRC.

As stated in *People v. Cruz* (1990) 217 Cal.App.3d 413, 421 [266 Cal.Rptr. 29], "[a] trial court's preliminary determination under section 3051 of a defendant's fitness for rehabilitative treatment necessarily involves an assessment, based upon the defendant's record and probation report, whether the defendant's main problem is drug abuse or a criminal orientation as reflected in a pattern of criminality. Because this is inherently a qualitative judgment on the available information, the statute invests the court with 'a broad discretion which will not be disturbed on appeal in the absence of abuse. [Citation.]' " We cannot say that this assessment was performed in this case.

Had the trial court applied the standard enunciated in *Cruz* for granting referral requests, we have little doubt appellant would have been found to be entitled to a CRC evaluation. Appellant was convicted of misdemeanor burglary in April 1998, and on June 5, 1998, appellant pled guilty to possession of stolen property. Thereafter, on August 26, 1999, appellant pleaded nolo contendere to having committed four residential burglaries and three counts of criminal trespass. Thus, except for a single 1994 juvenile offense, appellant's adult criminal history spans a period of time of little more than a year. While we do not minimize the seriousness of the crimes for which he was convicted, it does not appear that appellant used force to enter the residences involved, did not confront the homeowners, and opportunistically took either cash or property which could easily be sold for cash. Importantly, all of the crimes were thefts involving no violence, and were undertaken to secure funds to feed a drug habit that apparently began at the virtual inception of appellant's adolescence.

Appellant's drug dependence is severe, protracted, and clearly the motivating factor for his criminal activity. His mother provided the probation department with a letter in which she traced the progression of his addiction and how it affected his development. She also explained that after appellant's 1998 conviction, he came to her for help in finding some counseling or other professional treatment for his addiction. She learned that private sector programs cost anywhere from $1,800 to $8,000 per month for outpatient and inpatient programs, respectively. These costs were simply beyond the financial means of the family.

We do not read this record as portraying a young man engaged in a pattern of criminality that renders him unfit for a CRC evaluation. In fact, appellant appears to be the quintessential candidate for CRC. While the underlying crimes are serious, his aggregate sentence qualified him for the program. His youth, depth of his addiction, and the degree to which his criminal activity appears to be driven by the need to fund that addiction, all appear to compel a CRC referral, as does the fact that he never in the past received drug treatment, though he did seek it. There is no doubt that appellant's "main problem is drug abuse" and not "a criminal orientation as reflected in a pattern of criminality." (*People v. Cruz, supra*, 217 Cal.App.3d at p. 421.) For this additional reason we conclude that the trial court erred in refusing appellant's request for a CRC evaluation pursuant to section 3051.

Because we reverse the imposition of sentence and remand for further proceedings, we need not address the balance of the issues raised by appellant.

### IV.

#### DISPOSITION

The imposition of sentence is vacated and the matter is remanded for further proceedings not inconsistent with this opinion.

Kline, P. J., and Lambden, J., concurred.