[No. C038004. Third Dist. Feb. 28, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN JOE MASTERS, Defendant and Appellant.

**[Opinion certified for partial publication.\*\*]**

---

\*\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Law Offices of Dane A. Cameron and Dane A. Cameron for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, and John G. McLean, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**MORRISON, J.**—Defendant Stephen Joe Masters entered a plea of guilty to possession of methamphetamine (Health & Saf. Code, § 11378) and being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)). He also admitted he had suffered a previous drug-related conviction (Health & Saf. Code, § 11370.2, subd. (c)). In return for his plea, additional counts set forth in the information, including four counts of sale of methamphetamine, were dismissed. Defendant was sentenced to a five-year state prison term.

On appeal, defendant's sole claim is the trial court abused its discretion by failing to refer him for an evaluation to determine if he should be confined at the California Rehabilitation Center (CRC).

At the sentencing hearing, counsel for defendant petitioned his client be referred to CRC for evaluation, claiming defendant had not demonstrated a

pattern of criminality sufficient to deny him a referral. Counsel also represented that defendant was addicted to methamphetamine and that CRC would be the appropriate commitment for him.

The People opposed the request, citing defendant's criminal history and asserting defendant is a "dope dealer" whose conduct warranted imprisonment. Counsel for defendant responded defendant had fallen prey to his addiction and deserved a chance at a CRC referral.

Realizing it was a difficult decision, the trial court ultimately concluded a CRC referral was not appropriate:

"[Counsel for defendant], much of what you say is true. Methamphetamine is an evil drug, it is. I have seen more human beings wrecked with it or by it, not so much here, but where I normally sit, in Susanville, in High Deserts State Prison. . . . I can almost say that most [defendants] [lose] their minds, one way or the other they explode, burn out, crash. If I ever thought of . . . trying that stuff I certainly was dissuaded from that when I have seen the human wreckage that methamphetamine has caused, and I also am somebody who . . . believe[s] in giving somebody a chance, particularly in the drug area. The idea of locking everybody up on drugs is not reasonable.

"However, this is a little bit different situation, as touched on by [the prosecutor]. The defendant in this case, this isn't his first time before the bar of justice, this isn't the first time he has been involved, the defendant was on probation, he got a break at the time this event occurred. Now, there are other alternatives, a person who feels addicted or is addicted does not—and who is on probation and [has] these problems can do something about it, he doesn't have to go out and be part of the thriving strip [*sic*], which unfortunately this gentleman was. Also, while on probation, his function while on probation was really not satisfactory. So he has waited, didn't take advantage of the first break and now he asks for the second.

"Now, I have to take all of those things into consideration. He did acknowledge his guilt early on in the game, that is a positive thing; but, as I say, he was nailed pretty tight, from what I have read in this [probation] report. It is with reluctance that I make the following disposition: [denying defendant a CRC referral and sentencing him to state prison]."

## I

■ Welfare and Institutions Code section 3051 (section 3051) vests discretion in the trial court to determine whether evaluation for commitment

to CRC is appropriate. (*People v. McGinnis* (2001) 87 Cal.App.4th 592, 595 [105 Cal.Rptr.2d 1] (*McGinnis*).) Section 3051 states in relevant part: "Upon conviction of a defendant for a felony . . . and upon imposition of sentence, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics the judge shall suspend the execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment, and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment under this section."

Defendant is correct the exercise of discretion under section 3051 involves a two-step process: The court must determine if defendant is addicted or in danger of becoming addicted to narcotics; and, if so, the court must either suspend execution of sentence and order initiation of CRC commitment proceedings or find the defendant unsuitable for such commitment. (*People v. Granado* (1994) 22 Cal.App.4th 194, 200 [27 Cal.Rptr.2d 286].)

We take issue, however, with defendant's claim the trial court failed to make a finding on defendant's "addict" status. The court's comments at the sentencing hearing show the court was well aware of the dangers of methamphetamine and methamphetamine addiction, and at no time during the hearing did the court take issue with counsel's claim that defendant was addicted to methamphetamine. To the contrary, the trial court accepted the claim defendant was addicted to methamphetamine, but noted that instead of seeking treatment for his addiction, defendant chose to become more deeply involved in criminal misconduct. For purposes of the instant appeal, we likewise accept as true defendant's claim he is addicted to narcotics.

It is manifest the trial court found defendant did not qualify for a CRC referral because of his pattern of criminality, including his poor performance on probation. There is no question that in making a finding of a pattern of criminality, "the court may consider, in addition to a defendant's prior convictions, such matters as his prior performance on probation or parole, and the nature and seriousness of the current offense." (*People v. Cruz* (1990) 217 Cal.App.3d 413, 420 [266 Cal.Rptr. 29] (*Cruz*).)

Defendant suffered a previous narcotics conviction—for transportation of narcotics—in 1997, and was on probation for that offense at the time of his arrest on the instant charges. His performance on probation, given the instant charges, obviously was deficient. Defendant was found not only in possession of a substantial amount of drugs, but also with weapons and ammunition, a clear violation of his probationary status and his status as a felon.

More importantly, in the probation report (a report, incidentally, the trial court must consider in making its CRC determination (§ 3051) and to which defendant did not take issue) the facts giving rise to the instant charges are set forth in substantial detail and show a disturbing pattern of criminality. Defendant did not just possess methamphetamine for his personal use, he was an active seller as well. The search of defendant's residence revealed 10 baggies containing a total weight of 10.6 grams of methamphetamine, scales, packaging materials and prerecorded buy funds. According to the probation report, the manner in which the charged offenses were carried out indicates planning, and it is obvious defendant's criminality has risen to a higher level. As the trial court noted in denying defendant a CRC evaluation, defendant "was nailed pretty tight, from what I have read in [the probation] report." (See *Cruz, supra*, 217 Cal.App.3d at p. 418 [trial court in denying a CRC evaluation considered facts surrounding dismissed counts; affirmed].)

Defendant takes issue with the trial court's comment that while on probation, defendant failed to take the opportunity to address his addiction. Defendant argues the trial court failed to understand that his current "offenses involving methamphetamine [are the result] of his lengthy addiction to the same." We disagree. The trial court's comment simply reflected the court's opinion that defendant's main problem was not drug addiction but rather "a criminal orientation as reflected in a pattern of criminality." (*Cruz, supra*, 217 Cal.App.3d at p. 421.)

■ Given the foregoing, it is our view the trial court complied with its statutory duty, exercising its discretion not to initiate proceedings under section 3051 based on a determination that defendant's pattern of criminality made him an unfit candidate for a CRC referral. Because this is inherently "a qualitative judgment on the available information" (*Cruz, supra*, 217 Cal.App.3d at p. 421), we can not disturb that determination in light of the deferential abuse of discretion standard. (*Ibid.*)

Undaunted, defendant relies on *McGinnis, supra*, 87 Cal.App.4th 592 for the proposition the trial court failed to make adequate findings in its decision denying a CRC referral. (See also *People v. Granado, supra*, 22 Cal.App.4th at pp. 202-204.) In *McGinnis*, the defendant was denied a CRC referral following the trial court's comments defendant had " 'been given chances on probation before' " and had subsequently engaged in " 'a series of very serious crimes[.]' " (87 Cal.App.4th at p. 596.) The trial court concluded the defendant's " 'excessive criminality' " warranted a denial of a CRC evaluation. (*Ibid.*)

The *McGinnis* court reversed. Accepting for purposes of the appeal the trial court's use of the term "excessive criminality" was intended to satisfy

the statutory language "pattern of criminality" (§ 3051), the *McGinnis* court held the trial court's above-mentioned comments "failed to state what it was about [defendant's] pattern of criminal activity which render[s] him unfit for CRC." (*McGinnis, supra,* 87 Cal.App.4th at p. 597.) Given defendant's age (22), his lack of an extensive criminal record, and the nonviolent nature of his present offenses, which involved thefts to purchase money to feed a drug habit "that apparently began at the virtual inception of [defendant's] adolescence," the *McGinnis* court concluded "[defendant] appears to be the quintessential candidate for CRC. . . . [W]e conclude that the trial court erred in refusing [defendant's] request for a CRC evaluation pursuant to section 3051." (*Id.* at pp. 597-598.)

We agree that in making its sentencing choice denying a defendant a CRC referral, the trial court must state the reasons for its choice and may not merely parrot the phrase finding "excessive criminality." (*People v. Granado, supra,* 22 Cal.App.4th at pp. 201-203, and fn. 6.) The important consideration for purposes of appellate review, however, is not whether the trial court uses magic words such as "a pattern of criminality" or even whether the court itself recites on the record each and every fact in support of its sentencing choice. Rather, the important consideration is whether the record includes "some specification of where the court was looking in making its finding of [a pattern of criminality]. In other words, was it looking at the defendant's prior convictions, his prior performance on probation or parole, the nature and seriousness of the current offense, or some other facts evidencing criminality?" (*Id.* at pp. 202-203.) To the extent that *McGinnis, supra,* 87 Cal.App.4th 592 requires a more exacting statement of reasons we respectfully disagree with it.

 Here, the trial court's comments reflect it was looking not only at defendant's prior criminal record and poor performance on probation, but also the facts and circumstances surrounding the current charges, including those involving the trafficking of methamphetamine which were dismissed as a result of the plea bargain. These facts, set forth in detail in the probation report, and amplified by the prosecutor at the time of sentencing, were accepted by the trial court as true and correct and unquestionably and properly formed the basis for the court's decision to deny defendant a CRC evaluation on the basis of a pattern of criminality. In our view, nothing more was required. (Cf. *People v. Granado, supra,* 22 Cal.App.4th at p. 203.)

II*

· · · · · · · · · · · · · · · · · · · · · · · · · · ·

*See footnote, *ante,* page 700.

## DISPOSITION

The judgment of conviction is affirmed. The matter is remanded to the trial court with directions to impose the mandatory criminal laboratory analysis fee and assessments which accompany defendant's conviction of possession for sale of a controlled substance. The trial court shall then prepare an amended abstract of judgment and forward a certified copy thereof to the Department of Corrections.

Sims, Acting P. J., and Hull, J., concurred.