Filed 7/17/13  P. v. Indorato CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH JOHN INDORATO,<br><br>    Defendant and Appellant. | H037964<br>(Monterey County<br>Super. Ct. No. SS110683A) |

In this appeal, Joseph Indorato (appellant) challenges the imposition of a $480 restitution fund fine (Pen. Code, § 1202.4, subd. (b)) and two $200 fines, one that was imposed pursuant to Health and Safety Code section 11372.5, and one that was imposed pursuant to Health and Safety Code section 11372.7.  All the fines were imposed following his no contest plea in case no. SS110683.  For reasons that follow, we are compelled to return this case to the trial court for clarification of the court's sentencing order.

On July 1, 2011, the Monterey County District Attorney filed an amended information in which appellant was charged with one count of residential burglary (Pen. Code, § 459, count one), one count of receiving stolen property (Pen. Code, § 496, subd. (a), count two) one count of possession for sale of a controlled substance (ecstasy) (Health & Saf. Code, § 11378, count three) and one count of possession of a controlled

substance (ecstasy) (Health & Saf. Code, § 11377, count four).  The crimes were alleged to have occurred on or about March 30, 2011.  In the information it was alleged that appellant had two prior narcotics convictions within the meaning of Health and Safety Code section 11370.2 and had served four prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

On January 11, 2012, pursuant to a negotiated disposition, appellant pleaded no contest to counts two and three and admitted two of the prior prison term allegations in exchange for a stipulated five year eight month sentence to be imposed pursuant to Penal Code section 1170, subdivision (h).[1]

On February 15, 2012, the court sentenced appellant to the stipulated term consisting of three years for the receiving stolen property count, a consecutive eight month term (one third the midterm) for the possession for sale of a controlled substance and one year for each of the two prison priors.  The court dismissed the remaining charges.  However, the court found that appellant was a narcotics addict within the meaning of Welfare and Institutions Code section 3051[2] and committed him to the California Rehabilitation Center (CRC).  The court suspended all criminal proceedings

---

[1]      Penal Code section 1170, subdivision (h) provides for certain terms of imprisonment to be served in the county jail.

[2]      At the time that appellant was sentenced, Welfare and Institutions Code section 3051provided, "Upon conviction of a defendant for a felony, or following revocation of probation previously granted for a felony, and upon imposition of sentence, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics the judge shall suspend the execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment, and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment under this section."  (Stats.1998, ch. 931, § 476, eff. Sept. 28, 1998.)  In this case, the court found that appellant was "addicted to controlled substances based on his record, the preliminary hearing transcript and the comments made in chambers during the pretrial discussions."

and remanded appellant to the Monterey County Sheriff for delivery to the Director of Corrections at CRC Corona.[3]

Relevant to the issues in this case, the court imposed a $480 restitution fund fine pursuant to Penal Code section 1202.4, a $200 fee pursuant to Health and Safety Code section 11372.5 and a $200 fee pursuant to Health and Safety Code section 11372.7.[4]

Appellant filed a timely notice of appeal.

Given the issues in this case, it is not necessary to outline the facts underlying appellant's convictions.

*Discussion*

*Restitution Fine*

Effective January 1, 2012, the minimum restitution fine in Penal Code section 1202.4, subdivision (b)(1), increased from $200 to $240. (Stats.2011, ch. 358, § 1.) The trial court in this case imposed a $480 fine, although the minimum restitution fine was $200 at the time appellant committed his offenses. (Stats.2010, ch. 351, § 9, eff. Sept. 27, 2010.) Appellant contends the imposition of the $480 restitution fine violates

---

[3] Welfare and Institutions Code "Section 3000 et seq. establishes a program for the nonpunitive treatment and control of narcotics addicts, including persons convicted of criminal offenses, implemented by periods of treatment within CRC and outpatient supervision." (*People v. Cruz* (1990) 217 Cal.App.3d 413, 419.) Welfare and Institutions Code section 3051 "vests discretion in the trial court to determine whether evaluation for commitment to CRC is appropriate." (*People v. Masters* (2002) 96 Cal.App.4th 700, 703–704.) The court must determine if a defendant is addicted or in danger of becoming addicted to narcotics; and, if so, the court must either suspend execution of sentence and order initiation of CRC commitment proceedings or find the defendant unsuitable for such commitment. (*People v. Granado* (1994) 22 Cal.App.4th 194, 200.) Following commitment by the court, the Director of Corrections retains discretion to exclude any person who "because of excessive criminality or . . . other relevant reason," is found "not a fit subject for confinement or treatment" at CRC. (Welfare & Inst. Code, § 3053, subd. (a).)

[4] In imposing this fee, the court stated that it was imposed pursuant to Health and Safety Code section 11373.7. However, there is no such code section. The probation officer's report recommends at $200 fine pursuant to Health and Safety Code section 11372.7. Accordingly, we must assume that the court misspoke.

3

the ex post facto provisions of the United States and California Constitutions.  Appellant assumes that the court imposed a fine of $240 for each count of which he was convicted.

Respondent disagrees that the imposition of a $240 fine is an ex post facto violation.  Respondent argues that the trial court had discretion to impose a restitution fine ranging from $200 to $10,000 in 2011 when appellant committed his crimes and $240 was well within that range.

Although the prohibition against ex post fact laws applies to restitution fines (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248; *People v. Souza* (2012) 54 Cal.4th 90, 143 [it is well established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions]), as respondent points out the trial court could have imposed a $240 restitution fine in 2011.  Thus, this was not an unauthorized sentence as such and therefore appellant has forfeited this issue on appeal.

In *People v. Scott* (1994) 9 Cal.4th 331 (*Scott*), the California Supreme Court held that the forfeiture doctrine "should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices." (*Id.* at p. 353.)  The opinion in *Scott* relied in turn on *People v. Welch* (1993) 5 Cal.4th 228 (*Welch*), which was another sentencing case.  In *Welch,* the high court enforced "[t]raditional objection and [forfeiture] principles" against a defendant who sought for the first time on appeal to litigate the reasonableness of the conditions of probation imposed by the trial court.  (*Id.* at p. 236.)  The *Welch* court reasoned that forfeiture principles "encourage development of the record and a proper exercise of discretion in the trial court" (*ibid*.), as well as helping to "discourage . . . invalid probation conditions and reduce the number of costly appeals brought on that basis." (*Id.* at p. 235.)  Both *Scott* and *Welch* involved criminal defendants who sought correction of alleged sentencing errors on appeal after having failed to object in the trial court.

4

Certainly, it was well within the court's discretion to impose a restitution fine of $480 in this case. Appellant argues, however, that there is a substantial likelihood that the trial court misunderstood the law and thought that the minimum fine was $240.

When advising appellant of the consequences of his plea, Judge Butler told appellant "[t]here's a minimum restitution fine of $240 and maximum fine of $10,000." The probation officer's report prepared for the sentencing hearing recommended that appellant "pay a $480.00 restitution fine" that is "a restitution fine of $240.00 times the number of years, times the number of felony counts for a total restitution fine of $480.00." This is, as can be seen, nonsensical as $240 times five years eight months (the term of imprisonment) times the number of felony counts (two) comes to far more than $480.[5]

Appellant's argument that there was error in the imposition of the $480 fine fails because we find no support in the record for the proposition that the court intended to impose only the minimum fine. Rather, the record shows there was no plea agreement or other commitment by the court to impose the minimum fine. The record establishes that the probation report recommended a Penal Code section 1202.4, subdivision (b) fine in the amount of $480, and the court imposed it.

Here, the challenged $480 restitution fine is in the proper range the court was authorized to impose under Penal Code section 1202.4, subdivision (b) as it stood when appellant committed his crimes. Thus, it was not an unauthorized sentence, i.e., a sentence that could not lawfully be imposed under any circumstances in the particular case. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.) Appellant's speculative assertion that the trial court misunderstood the law and thought that the minimum fine was $240, while finding some support in the record, does not negate the fact that there is no indication that the court intended to impose only the minimum fine. As the fine he

---

[5]    Even with rounding down to just five years times the number of felony counts (2) times $240 by this court's calculation the fine should have been $2400.

challenges is an authorized order of a restitution fine, we conclude appellant has forfeited his claim by failing to object at his sentencing hearing. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1207 [a defendant may not contest the amount, specificity, or propriety of an authorized order of a restitution fine for the first time on appeal]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468–1469.)

*Health and Safety Code Fees*

Appellant challenges the imposition of two $200 fees that were imposed pursuant to Health and Safety Code section 11372.5 (criminal laboratory analysis fee) and 11372.7 (drug program fee). Appellant argues that both fees exceed the maximum allowed under the statute.

Respondent concedes that the statutory maximum that can be imposed under Health and Safety Code section 11372.5, subdivision (a) is $50 and under Health and Safety Code section 11372.7 is $150. We accept that concession.

In pertinent part, Health and Safety Code section 11372.5, subdivision (a) provides, "Every person who is convicted of a violation of Section . . . 11378 . . . of this code . . . shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense."

Appellant was convicted of one count of possession for sale of a controlled substance in violation of Health and Safety Code section 11378. Accordingly, a fee in the amount of $200 was not legally authorized; the mandatory fee was statutorily limited to $50. "The imposition of a sentence not statutorily authorized is jurisdictional error that is subject to correction whenever it comes to a court's attention. [Citations.]" (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1519.

Similarly, Health and Safety Code section 11372.7, subdivision (a), provides in pertinent part, "[E]ach person who is convicted of [certain narcotics offenses, including a violation of Health and Safety Code, section 11378] shall pay a drug program fee in an

6

amount not to exceed one hundred fifty dollars ($150) for each separate offense. The court shall increase the total fine, if necessary, to include this increment, which shall be in addition to any other penalty prescribed by law." The drug program fee is mandatory, provided the trial court determines the defendant has the ability to pay the fee. (Health & Saf. Code, § 11372.7, subd. (b).)

Again, appellant was convicted of one count of possession for sale of a controlled substance in violation of Health and Safety Code section 11378.

Nevertheless, respondent argues that the excess assessments are attributable to penalty assessments. Respondent submits that the appropriate remedy is to direct the trial court to correct the abstract of judgment to delineate the penalty assessments attached to these fees.[6]

We find several problems with respondent's position. First there is no abstract of judgment in this case. Second, although "there are seven assessments, surcharges, and penalties parasitic to an underlying fine" or fee (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1374), by our calculations there is no way to arrive at the two $200 fees that were imposed in this case even if we applied those assessments, surcharges and penalties to those underlying fees.[7] The seven assessments, surcharges and penalties parasitic to an

---

[6] Both fees are subject to penalty assessments. (*People v. Martinez*, *supra*, 65 Cal.App.4th at p. 1520 [criminal laboratory analysis fee imposed under Health and Safety Code section 11372.5, subdivision (b) is subject to penalty assessments]; *People v. Sierra* (1995) 37 Cal.App.4th 1690, 1696 [drug program fee imposed pursuant to section 11372.7 of the Health and Safety Code is a fine or a penalty to which penalty assessment provisions apply].)

[7] As the court pointed out in *People v. Castellanos* (2009) 175 Cal.App.4th 1524, a fine is subject to seven different penalties and surcharges in Los Angeles County, namely (1) a 100 percent state penalty assessment (Pen. Code, § 1464, subdivision (a)(1)), (2) a 20 percent state surcharge (Pen. Code, § 1465.7), (3) a 30 percent state courthouse construction penalty (Gov. Code, § 70372), (4) a 70 percent additional penalty (Gov. Code, § 76000, subd. (a)(1)), (5) a 20 percent additional penalty if authorized by the county board of supervisors for emergency medical services (Gov. Code, § 76000.5, subd. (a)(1)), (6) a 10 percent additional penalty " '[F]or the purpose of implementing the DNA Fingerprint, Unsolved Crime and Innocence Protection Act' " (*Castallanos, supra*, at p. 1529) (Gov. Code, § 76104.6, subd.

7

underlying fine that were in effect when defendant committed his crimes could increase that fine by up to 330 percent depending on a variety of factors. (Pen. Code, §§ 1464, subdivision (a)(1) & 1465.7, Gov. Code §§ 70372, 76000, subd. (a)(1), 76000.5, subd. (a)(1), 76104.6, subd. (a)(1), & 76104.7.)

We are required to return this case to the trial court for clarification of its sentencing order. We note that the sentencing minutes do not include any fines and fees that the court imposed let alone assessments, surcharges and penalties (hereafter penalties).

In *People v. High* (2004) 119 Cal.App.4th 1192 (*High*), the court held that while "a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment." (*Id.* at p. 1200.) "If the abstract does not specify the amount of each fine, the Department of Corrections [and Rehabilitation] cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.] At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.] Thus, even where the Department of Corrections [and Rehabilitation] has no statutory obligation to collect a particular fee, such as the laboratory fee imposed under Health and Safety Code section 11372.5, the fee must be included in the abstract of judgment." (*Ibid*.) The court in *High* ordered the trial court on remand to "separately list, with the statutory basis, all fines, fees and penalties imposed on each count" and to "prepare an amended abstract reflecting the modifications and corrections ordered by th[e] court." (*Id*. at p. 1201.)

There is no abstract of judgment in this case and it may be that once appellant is released from the CRC all criminal proceedings will be dismissed in the interest of justice (Welf. & Inst. Code, § 3201, subd. (c)). However, it is important in aiding collection

---

(a)(1)), and (7) a 10 percent additional state-only penalty to finance Department of Justice forensic laboratories (Gov. Code, § 76104.7). (*Id.* at pp. 1528-1530.)

efforts by state and local agencies that there is an accurate record of the fines, fees and penalties imposed in the event that appellant's suspended sentence is ordered executed. (Welf. & Inst. Code, § 3201, subd. (c) [at the termination of parole period or custody in CRC when the person is returned to court, the court can order execution of the suspended sentence].)  Furthermore, unless base fines, fees and penalties are set forth in detail, we as a reviewing court are precluded from ascertaining the true amount of the base fine or fee and any penalties that attach and are required, as in this case, to send the matter back to the trial court for further proceedings—a huge waste of scarce judicial resources.

*Disposition*

This case is remanded to the trial court with directions to separately list, with the statutory basis, all fines, fees and penalties imposed on each count and to prepare an amended sentencing order reflecting the modifications and corrections ordered by the court.


_____

ELIA, J.

WE CONCUR:



_____

RUSHING, P. J.




_____

PREMO, J.


9